The ITC shall have 45 days from the date of this opinion to comply with these instructions.

THE WEST BEND CO., DIV. OF DART INDUSTRIES, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 80-10-01774

Before WATSON, *Judge.*

*Barnes, Richardson & Colburn* (*Andrew P. Vance* and *Michael A. Johnson* of counsel) for plaintiff.

*Richard K. Willard,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Barbara M. Epstein,* attorney) for the defendant.

WATSON, *Judge:* In *West Bend Co.* v. *United States,* 6 CIT 218 (Slip Op. 83-111, Nov. 3, 1983), the Court held that the removal of plaintiff's product from duty-free status under the Generalized System of Preferences (G.S.P.) had been procedurally defective. The specific defect was held to be the failure of the President to determine whether the specific product imported by plaintiff should retain its duty-free status under section 504(d) of the Trade Act of 1974 (19 U.S.C. § 2464(d)) because, on a certain date, competitive products were not produced in the United States.

The Court indicated that it would remand the case for procedurally correct treatment if plaintiff chose not to proceed with certain classification claims, which had a logical priority at that point.

The Court subsequently conferred with the parties to determine the further progress of the action. At those conferences it became clear that the government had a defensive argument which it had

---

[15] The earlier negative determinations were preliminary determinations regarding hot-rolled alloy bar from France, Italy, United Kingdom and West Germany and cold-formed alloy steel bar from Belgium, France, Italy, United Kingdom and West Germany. 47 Fed. Reg. 9103 and 47 Fed. Reg. 9105.

not developed earlier; namely, that plaintiff had not exhausted its administrative remedies.

With respect to this action, exhaustion of administrative remedies is a lost defense, not having been timely raised. However, lest the Court's decision leave the impression that there is no genuine issue of whether an administrative procedure exists to remedy situations such as that involved in this action, it states its present understanding of the detailed representations of the government, that 15 C.F.R. § 2007.0(a)(3) [1] provides, and has been used to provide, a remedy which operates in the following manner:

At the time that notice is given in the Federal Register that a product is close to, or has surpassed the limit on duty-free treatment set out in section 504(c)(1)(B) of the Act (19 U.S.C. § 2464(c)(1)(B)), (and therefore faces loss of duty-free treatment) an interested party may file a petition pursuant to 15 C.F.R. § 2007.0(a)(3) requesting a factual determination under section 504(d) of the Trade Act of 1974 (the Act) (19 U.S.C. § 2464(d)) that would exempt the product. A notice will then be published in the Federal Register requesting public comment and announcing a timetable for the making of the determination. If the determination cannot be made by the time when section 504(c) of the Act (19 U.S.C. § 2664(c)) requires the issuance of an Executive Order, the Customs Service will be directed to withhold liquidation of entries of the product involved until the making of the determination under section 504(d).

The procedures outlined give every appearance of providing a full and fair opportunity for parties to obtain the benefit of a section 504(d) exemption. They represent a realistic way for this law to be administered, possibly the only realistic way, given the time constraints and administrative difficulties involved.

It would undoubtedly serve to avoid possible misunderstandings about the availability of these procedures if the regulations were more detailed with respect to their application to the administration of sections 504(c)(1)(B) and 504(d).

In the procedural posture of this case, the Court cannot go so far as to hold that, as a matter of law, the published regulation offered an administrative procedure which has to be exhausted. A claim that the regulation was too vague, or required a degree of prescience beyond that which can reasonably be expected of those in need of such procedures, might still be made.

Nevertheless, the Court can state that the regulation does present a genuine question of exhaustion of administrative remedies which, if timely raised, would have been a serious issue in this

---

[1] The text of 15 C.F.R. § 2007.0(a) reads as follows:

§ 2007.0  Requests for reviews.

An interested party or foreign government may submit a request (1) that additional articles be designated as eligible for the GSP; or (2) that the duty-free treatment accorded to eligible articles under the GSP be withdrawn, suspended or limited; or (3) that product coverage be otherwise modified.

case and will have to be faced by other parties if it is raised in other cases.

For the conclusion of this particular action, the Court turns to the details of the procedure on remand.

The Court is generally satisfied with the procedures which the government represents will be followed, if the determination under section 504(d) is accomplished as if a request had been made that product coverage be modified under 15 C.F.R. § 2007.0(a)(3).

However, the notice of review must make it clear that the review is being undertaken pursuant to an order of this Court, relates only to the period of time covered by this action (April, 1980 through March, 1981), and assures a public hearing.

The results of the review and the President's determination shall be forwarded to the Court and the parties will have 30 days thereafter to make appropriate filings with the Court.

Based on the above, it is

ORDERED that plaintiff's alternative claims for classification are Dismissed, and it is further

ORDERED that the matter is remanded to the Office of the United States Trade Representative for proceedings in accordance with this order.

